UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:23-CV-00185-CHL

**SARINA WASHINGTON, et al.,**                                                                                       **Plaintiffs,**

**v.**

**ROBERT OWENS,**                                                                                                              **Defendant.**

**MEMORANDUM OPINION AND ORDER**

Plaintiffs Sarina Washington and Gregory Boyd (collectively "Plaintiffs"), proceeding *pro se*, filed this action against Defendant Robert Owens ("Owens") for abuse of process and intentional/reckless infliction of emotional distress related to actions Owens took in prior litigation between the Parties.[1] (DN 1.) Pending before the Court are several motions and filings: (1) Plaintiffs' Motion for Reconsideration (DN 33); (2) Plaintiffs' Motion to Extend Dispositive Motion Deadline (DN 40); (3) Plaintiffs' Motion to Compel Discovery Responses (DN 42); (4) the Parties' Joint Status Report (DN 44); (5) Plaintiffs' Motion for Extension of Time to file a reply (DN 46); and (6) two Notices of Withdrawal related to Owens's counsel (DNs 50, 52). The Court will address these motions and filing below.

**I.      Motion to Reconsider (DN 33)**

Plaintiffs requested that the Court reconsider its October 20, 2023, Order (DN 32) denying their Motion for Sanctions (DN 9) and Motion to Strike (DN 10). (DN 33.) In relevant part, the Court ruled as to the Motion for Sanctions that Plaintiffs had not complied with the safe harbor provision of Fed. R. Civ. P. 11(c) prior to filing their motion and as to the Motion to Strike, the

---

[1] The Parties have consented to the jurisdiction of a Magistrate Judge to enter judgment in this case with direct review by the Sixth Circuit Court of Appeals in the event an appeal is filed. (DNs 22, 23.)

Court found that Plaintiffs had not demonstrated that Owens's answer was untimely because they had not proved that Owens was properly served with the summons and complaint. (DN 32.)

In their Motion to Reconsider (DN 33), Plaintiffs objected to the Court's ruling on the Motion to Strike because they argued the Court had not addressed their argument that Owens's counsel's filing of the answer was ethically improper because his counsel was a necessary witness in this action. (DN 33.) In response, Owens construed Plaintiffs' arguments are merely rehashing their prior motion and argued that Plaintiffs still had not demonstrated a reason to strike his answer. (DN 38.) In their reply, Plaintiffs disagreed and maintained that because Owens's counsel would be a witness in this matter, he acted in violation of the Kentucky Rules of Professional Conduct in filing an answer, which should be grounds for striking the same. (DN 39.)

Having reviewed Plaintiffs' motion to reconsider and related briefing and rereviewed their initial motion and related briefing, the Court finds no reason to change its prior decision. Even assuming for the sake of argument that Plaintiffs are correct about any purported ethical violation by Owens's former counsel, that counsel has withdrawn from this action and no longer represents Owens. While Plaintiffs argued in their motion for reconsideration that because Owens's former counsel should not ethically have filed the answer, the Court should strike it, none of their cited authorities address or support that position. *General Mills Supply Company v. SCA Services, Inc.* involved an order disqualifying an attorney and his law firm from further representing the plaintiffs at trial, not striking an answer because of a purported ethical violation. *Gen. Mill Supply Co. v. SCA Servs., Inc.*, 697 F.2d 704, 705 (6th Cir. 1982). *Ameriwood Industries International Corporation v. Arthur Anderson & Company* dealt with a motion to dismiss affirmative and special defenses but not based on any purported ethical violation. *Ameriwood Indus. Int'l Corp. v. Arthur Andersen & Co.*, 961 F. Supp. 1078, 1083 (W.D. Mich. 1997). While the Court understands

factually why in Plaintiffs' minds Owens and his former counsel are one in the same, the fact remains that Plaintiffs have provided no legal authority to support that the Court should strike *Owens's* answer due to a purported violation by Owens's *counsel*. In the Court's view, any issue caused by Owens's former counsel being a potential witness in this case was fully mitigated by that counsel's withdrawal.

For these reasons, the Court will deny the Motion for Reconsideration (DN 33).

## II.     Plaintiffs' Motion to Extend Dispositive Motion Deadline (DN 40)

Plaintiffs requested that the Court extend the deadline for filing dispositive motions to March 15, 2024, because Plaintiffs had not received discovery responses from Owens and wanted to take Owens's deposition. (DN 40.) Owens did not oppose. (DN 51.) The Plaintiffs also separately filed a Motion to Compel (DN 42) that will be addressed below. While the extension requested by Plaintiffs has expired in advance of the Court's ability to rule on their motion, the Court will grant the request and extend the dispositive motion deadline as set forth below.

## III.    Plaintiffs' Motion for Extension of Time to File Reply (DN 46)

Plaintiffs requested an extension of time to file their reply in support of their motion to compel. (DN 46.) Owens did not oppose. (DN 48.) There being no objection, Plaintiffs' reply (DN 49) is deemed timely filed.

## IV.    Plaintiffs' Motion to Compel (DN 42)

Plaintiffs have moved to compel complete responses to certain requests for admission, interrogatories, and requests for production of documents that they served on Owens as well as for the reasonable expenses incurred in bringing the motion. (DN 42.) Specifically, Plaintiffs question the sufficiency of Owens's responses to request for admission nos. 1-5, 8-13, 15; interrogatory

3

nos. 3-5; and request for production nos. 3, 4, 6, and 7. (*Id.*) Owens filed a response in opposition (DN 45), and Plaintiffs filed a reply (DN 49), which the Court above deemed timely-filed.

The Court notes that this motion was filed without first seeking a telephonic status conference with the Court as required by the Court's Scheduling Order. (*See* DN 24, at PageID # 111 (stating that "[m]options pertaining to unresolved discovery disputes may not be filed without first having a joint telephonic conference.  Counsel shall contact Case Manager Theresa Burch (theresa_burch@kywd.uscourts.gov) to schedule the conference").)  While the Court's ordinary procedure would be to deny the instant motion without prejudice and direct the Parties to schedule a telephonic conference, given that the Parties' have already fully briefed these issues, the Court will proceed to the merits to the motion.  However, the Parties are cautioned that any future discovery motions should not be filed without first requesting a conference pursuant to Paragraph (1)(e) of the Court's Scheduling Order.

The Court will consider the arguments raised by Plaintiffs below.

### A. Requests for Admissions

Federal Rule of Civil Procedure 36 permits requests for admissions relating to a broad range of matters, including "facts, the application of law to fact or opinions about either." Fed. R. Civ. P. 36(a)(1)(A).  A party responding to a request for admission may (1) admit, (2) deny, (3) assert a lack of knowledge despite reasonable inquiries to obtain such knowledge, or (4) object. *See id.* at (a)(4)-(a)(5).  "A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest." *Id.* at (a)(4).  When a party objects under subsection (5), it must state specific grounds for such objection and cannot "object solely on the ground that the request presents a genuine issue for trial." *Id.* at (a)(5).  Under subsection (6), a

party "may move to determine the sufficiency of an answer or objection" to a request for admission. *Id.* at (a)(6). Unless the court finds the responding party's objection is justified it must order that party serve an answer. *Id.* "On finding that an answer does not comply with this rule, the court may order either that the matter is admitted or that an amended answer be served." *Id.*

Plaintiffs objected to Owens's responses to request for admission nos. 1-5, 8-13, 15. (DN 42, at PageID # 174-82.) The Court finds it unnecessary to recite in great detail the substance of Plaintiffs' requests, Owens's responses, and Plaintiffs' objections to the same. Based on Plaintiffs' motion, it appears that Plaintiffs' primary objection to each of the specified requests is that in Plaintiffs' view Owens should have admitted the requests. While there is some discussion in their motion of the objections lodged by Owens, Plaintiffs made repeated references to "false denials" and "giving the court falsified information" and repeatedly stated that "[a]lthough all evidence points to the admissions being true, [t]he Defendant chose to lie in his sworn response to the Court." *Id.* To the extent that the Parties disagree about the facts of the case, those issues are not the proper foundation of a Rule 36 motion about the sufficiency of a party's responses to request for admission. "Requests for admissions are not a general discovery device." *Misco, Inc. v. U.S. Steel Corp.*, 784 F.2d 198, 205 (6th Cir. 1986) (citing 8 C. Wright & A. Miller, Federal Practice and Procedure § 2253, at 706 & n.23 (1970)) (upholding a district court ruling limiting discovery where party had served 2,028 purported requests for admission less than a month after filing complaint and before answers to complaint were filed). Rule 36 serves two vital purposes: "first to facilitate proof with respect to issues that cannot be eliminated from the case, and secondly, to narrow the issues by eliminating those that can be." Fed. R. Civ. P. 36 advisory committee's note to 1970 amendment; *O'Neill v. Medad*, 166 F.R.D. 19, 21 (E.D. Mich. 1996). Here, Plaintiffs got the responses to which they are entitled under Rule 36: an admission or denial of their requests.

To they extent they dispute the factual basis for that admission or denial, any facts in dispute are for determination at trial, not by the Court in ruling on a discovery motion. For these reasons, Plaintiffs' motion to compel is denied as to the requests for admission.

### B.    Interrogatories

Plaintiffs moved to compel answers to certain of the interrogatories they served upon Defendant Owens. Federal Rule of Civil Procedure 37 allows a party to move for an order compelling disclosure or discovery when "a party fails to answer an interrogatory submitted under Rule 33" or "fails to produce documents . . . as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B)(iii)-(iv). Under Rule 37, an "evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4). When an objection to relevance is raised, the party seeking discovery must demonstrate that the requests are relevant to the claims or defenses in the action. *Anderson v. Dillard's, Inc.*, 251 F.R.D. 307, 309-10 (W.D. Tenn. 2008). If that party demonstrates relevancy, the burden shifts to the party resisting discovery to demonstrate why the information or documents are not discoverable under the Federal Rules. *Id.* Fed. R. Civ. P. 26(b)(1) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). This language is broadly construed by the federal courts to include "any matter that bears on, or that reasonably could lead to other matter[s] that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). Trial courts have wide discretion in dealing with discovery matters. *See S.S. v. E. Ky. Univ.*, 532 F.3d 445, 451 (6th Cir. 2008) (quoting *Chrysler Corp. v. Fedders Corp.*, 643 F.2d 1229, 1240 (6th Cir. 1981)).

Plaintiffs moved to compel an answer to interrogatory no. 3, which directed Owens to "[i]dentify all grounds on which [y]ou expect to prove [y]our defense in the case." (DN 42, at PageID # 182; DN 43-4, at PageID # 232.) In response, Owens objected that the interrogatory called for a legal conclusion and sought information protected by the attorney-client privilege and/or the work product doctrine. The interrogatory appears to be an attempt at a contention interrogatory. And while "[t]he general view is that contention interrogatories are a perfectly permissible form of discovery," *Starcher v. Corr. Med. Sys., Inc.*, 144 F.3d 418, 421 n.2 (6th Cir. 1998), Plaintiffs' contention interrogatory is flawed. It does potentially call for a legal conclusion instead of seeking the factual basis for some legal position taken by a party, as contention interrogatories typically do. It also is not limited in scope to non-privileged or non-protected matters. Thus, the Court sustains Owens's objection to interrogatory no. 3 and will not require Owens to answer it further.

Plaintiffs also moved to compel an answer to interrogatory nos. 4 and 5. (DN 42, at PageID # 182-83.) Interrogatory no. 4 asked, "In the last 5 years have any of your tenants filed any complaints or litigations (*sic*) against you." (DN 42, at PageID # 182; DN 43-4, at PageID # 233.) Owens objected that the interrogatory was vague, overly broad, sought irrelevant information and was not reasonably calculated to lead to the discovery of admissible evidence. (DN 42, at PageID # 182; DN 43-4, at PageID # 233.) Interrogatory No. 5 asked for contact information for prior tenants who had complained, and Owens objected on the same basis. (DN 42, at PageID # 183; DN 43-4, at PageID # 233.) The Court agrees that the relevance of the information sought is dubious. Plaintiffs' claims in this action are for abuse of process and intentional/reckless infliction of emotional distress. (DN 1.) Owens's interactions and dealings with other tenants besides

Plaintiffs is irrelevant to these causes of action. Thus, the Court sustains Owens's objections to interrogatory nos. 4 and 5 and will not require Owens to answer them further.

For these reasons, Plaintiffs' motion to compel is denied as to the interrogatories.

### C.  Requests for Production

Plaintiffs moved to compel an additional response to request for production nos. 3 and 6, which directed the production of "[a]ny and all other documents on which you intend to rely on at the trial of this matter" and "ALL DOCUMENTS upon which any witness YOU intend to call at trial relied to form an opinion." (DN 42, at PageID # 183-84; DN 43-4, at PageID # 234-35.) Owens objected to these requests as vague, overly broad, and unduly burdensome" but also stated that he would supplement the responses "as necessary and as required by the Court's scheduling order." (DN 42, at PageID # 183-84; DN 43-4, at PageID # 234-35.) The Court does not find these requests on their face to be objectionable; they merely recapture or build on the requirements of Fed. R. Civ. P. 26(a)(1) regarding initial disclosures, the Court's eventual pretrial order, and the orders the Court would have made regarding experts if the same were used in this case. Because it is not yet time for trial and because it is unlikely that Owens knows now "all" documents or witnesses that he would rely on at trial, it is proper to allow Owens to supplement his responses to these requests at a later date. However, Owens is cautioned that any supplementation must be timely under both the Federal Rules and the Court's orders to avoid exclusion.

Plaintiffs moved to compel an additional response to request for production no. 4, which requested "[a]ny and all documents referring to or related to any non-privileged communication between You and ANY Person or entity regarding the subject matter of your answers." (DN 42, at PageID # 184; DN 43-4, at PageID # 234.) Owens objected on grounds that the request was "vague, overly broad, and unduly burdensome." (DN 42, at PageID # 184; DN 43-4, at PageID #

234.) The Court disagrees that the request was vague and cannot sustain an undue burden objection that lacks any specificity as to the burden at issue. As to overbreadth, while often requests containing the word "all" are overbroad, here the request is limited to "the subject matter" of Owens's answers, which should be coextensive with the limited period of time over which the events in this case occurred. Further, Plaintiffs properly limited their request to non-privileged communications. The Court will overrule Owens's objections and require him to respond further to request for production no. 4.

Finally, Plaintiffs moved to compel a response to request for production no. 7, which stated, "[p]roduce all notes, correspondence, text messages, any telephone conference, bills, invoices, diagrams, photographs, or other documents prepared or reviewed by your former COUNSEL Mr. Bryan Hayes whom YOU expect to call as your Witness at trial." (DN 42, at PageID # 185; DN 43-4, at PageID # 235.) Owens objected on grounds that the request sought information protected by the attorney-client privilege and/or the work product doctrine. (DN 42, at PageID # 185; DN 43-4, at PageID # 235.) Plaintiffs argued that any attorney client-privileged was waived here due to the crime-fraud exception. Kentucky's attorney-client privilege "does not apply to future transactions when the person seeking the advice is contemplating the committing of a crime or the perpetration of a fraud." *Steelvest, Inc. v. Scansteel Serv. Ctr.*, 807 S.W.2d 476, 487 (Ky. 1991); *accord.* KRE 503(d). The party asserting this exception to the privilege must establish by a preponderance of the evidence that it applies. *Stidham v. Clark*, 74 S.W.3d 719, 727 (Ky. 2002). Parties may ask courts to conduct an *in camera* review "to determine whether allegedly privileged attorney-client communications fall within the crime-fraud exception." *United States v. Zolin*, 491 U.S. 554, 574 (1989); *Stidham*, 74 S.W.3d at 726-28 (adopting Zolin for Kentucky law). But to justify review, the requesting party must make "a showing of a factual basis adequate to support a

good faith belief by a reasonable person that in camera review of the materials may reveal evidence to establish the claim that the crime-fraud exception applies." *Zolin*, 491 U.S. at 572. Even when this "threshold showing" is made, a court's decision of whether to conduct in camera review or not is discretionary. *Id.* at 572. Plaintiffs' motion falls far short of including sufficient detail or argument for the Court either to make a finding that the exception applies or to require the production of documents for an *in camera review*. Thus, Plaintiffs' motion to compel will be denied as to request no. 7.

        **D.**      **Fees and Expenses**

Plaintiffs requested that the Court award them their expenses for bringing the motion to compel. (DN 42.) As the Court is granting in part and denying in part the instant motion, Fed. R. Civ. P. 37(a)(5) provides that the court "may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion." Fed. R. Civ. P. 37(a)(5)(C). Factors that are relevant to whether an award of sanctions is warranted include whether the party's "failure to sufficiently respond was willful or made in bad faith" and whether the party's failure to respond has prejudiced the party propounding the discovery. *Hollingsworth v. Daley*, No. 2:15-cv-36-WOB-REW, 2016 WL 2354797, at *2 (E.D. Ky. Mar. 21, 2016), *report and recommendation adopted*, 2016 WL 1737956 (E.D. Ky. May 2, 2016) (citing *Spees v. James Marine, Inc.*, No. 5:08-cv-73, 2009 WL 981681, at *5 (W.D. Ky. Apr. 13, 2009)). Courts also look to the party's justification for its initial response to the discovery. *Groupwell Int'l (HK) Ltd. v. Gourmet Exp., LLC*, 277 F.R.D. 348, 361 (W.D. Ky. 2011). If the party's initial response is reasonably justified, an award of reasonable expenses is not appropriate. *Id.* An award of fees under Rule 37(a)(5)(C) has been held to be inappropriate where the parties prevailed on a motion to compel "in approximate equal degree." *Wright v. State Farm Fire & Cas. Co.*, No. 2:12-cv-409, 2013 WL 1945094, at *6 (S.D. Ohio May

9, 2013) (citing *Nat'l Hockey League v. Metro. Hockey Club*, 427 U.S. 639 (1976); *Reg'l Refuse Sys. v. Inland Reclamation Co.*, 842 F.2d 150, 154 (6th Cir. 1988)). Here, the Court concludes that no award of expenses is appropriate at Plaintiffs prevailed on their motion in only a very limited respect and the Court finds no evidence of bad faith. For these reasons, Plaintiffs request for expenses associated with their motion to compel is denied.

### E. Extension of Discovery Deadline

Plaintiffs also requested that the Court extend the discovery deadline given that they could not take the necessary depositions pending a ruling on their motion to compel. (DN 42, at PageID # 166.) Owens opposed. (DN 45, at PageID # 269.) Based on the Court's rulings herein, the Court finds good cause to extend the discovery deadline as set forth below.

## V. Parties' Joint Status Report (DN 44)

The Parties filed a Joint Status Report in which they indicated that the discovery issues related to Plaintiffs' Motion to Compel would need to be addressed before they would be prepared to participate in a settlement conference. (DN 44.) The Parties are reminded that the Court will set a settlement conference at any time and that given the Parties' consent, the settlement conference will be conducted by a different Magistrate Judge in the District. Should the Parties desire a settlement conference, they should send an e-mail to the undersigned's Case Manager, Theresa Burch, at theresa_burch@kywd.uscourts.gov requesting the same and the Court will enter a referral for a settlement conference.

## VI. Notices of Withdrawal (DNs 50, 52)

Attorney Michael McClain filed two notices purporting to withdraw attorney Jason W. Hall and the law firm of Goldberg Simpson, LLC as counsel of record for Owen. (DNs 50, 52.) The notices comply with LR 83.6(b) in all respects but one: the attorney to be withdrawn did not sign

11

the notice. LR 83.6(b) states that "[a]n attorney of record may withdraw from a case by filing a notice of withdrawal" under certain conditions. LR 83.6(b). Hall filed no such withdrawal. While ordinarily the Court would require this to be corrected, given the representation in the motion that Owens was notified of Hall's withdrawal and that Owens remains represented by counsel, the Court will deem the notices compliant with the rule and terminate Hall as counsel of record for Owens.

**VII.   ORDER**

Accordingly, for the reasons set forth above, IT IS HEREBY ORDERED:

(1) The Motion for Reconsideration (DN 33) is **DENIED**.

(2) Plaintiffs' Motion to Extend Dispositive Motion Deadline (DN 40) is **GRANTED**.

(3) Plaintiffs' Motion for Extension of Time to File Reply (DN 46) is **GRANTED**, and Plaintiffs' Reply (DN 49) is **DEEMED TIMELY FILED**.

(4) Plaintiffs' Motion to Compel (DN 42) is **GRANTED IN PART** and **DENIED IN PART** as set forth herein. Owens shall supplement his response to request for production no. 4 no later than **fourteen days** after entry of the instant memorandum opinion and order.

(5) The Notices of Withdrawal (DNs 50, 52) are **DEEMED COMPLIANT** with the Court's Local Rules. The Clerk shall terminate attorney Jason Wayne Hall as counsel for Defendant Owens.

(6) The Court's prior scheduling orders are hereby amended as follows:

(a) The Parties shall complete all fact discovery on or before **October 15, 2024**.

(b) On or before **October 15, 2024**, the Parties shall file a joint status report regarding whether they have completed sufficient discovery to participate in a productive settlement conference.

(c) The Parties shall file all dispositive motions on or before **November 27, 2024**.

(d) All remaining provisions of the Court's prior scheduling order remain in full effect.

*Colin H Lindsay, Magistrate Judge*
United States District Court

cc: Counsel of Record; *Pro se* Plaintiffs

August 28, 2024